**UNITED STATES of America,
Plaintiff,**

v.

**SAVANNAH COTTON AND NAVAL STORES EXCHANGE, INC., Turpentine and Rosin Factors, Inc., Pine Tree Products, Inc., Columbia Naval Stores Company of Hazelhurst, Georgia, Columbia Naval Stores Company of Fitzgerald, Georgia, Columbia Naval Stores Company of Jesup, Georgia, and Columbia Naval Stores Company of Tifton, Georgia, Defendants.**

Civ. A. No. 559.

United States District Court
S. D. Georgia,
Savannah Division.

Aug. 1, 1960.

Robert A. Bicks, Asst. Atty. Gen., Antitrust Division, U. S. Dept. of Justice, for plaintiff the United States.

E. Way Highsmith, Brunswick, Ga., for defendant, Savannah Cotton and Naval Stores Exchange, Inc., et al.

SCARLETT, District Judge.

On October 18, 1951, a Final Judgment was filed in the above-numbered case on consent of the parties. The complaint in the case stated a cause of action against the defendants under Section 1 of the Act of Congress of July 2, 1890, commonly known as the Sherman Act, as amended, 15 U.S.C.A. § 1.

The final judgment reads in part as follows:

"VII

"Each of the Columbia defendants and T&R defendants is enjoined and restrained from:

"(A) Refusing to comply with the request of an independent reporter or service designated by the United States Department of Agriculture for such information as to purchases and sales of crude gum and rosin and turpentine as may be requested by said reporter or service;

"(B) Causing, coercing or inducing, in any manner, any person to fail to comply or cooperate with the request of an independent reporter or service designated by the United States Department of Agriculture for such information as to purchases and sales of crude gum and rosin and turpentine as may be requested by said reporter or service;

\*      \*      \*      \*      \*      \*

"X

"Jurisdiction of this action is retained for the purpose of enabling any of the parties to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Judgment, for the modification or termination of any of the provisions thereof, for the enforcement of compliance therewith and the punishment of violations thereof."

On May 4, 1960, eight years and six months after entry of Judgment, defendant, Turpentine & Rosin Factors, Inc., filed its petition pursuant to the above Section X for an order to modify judgment by striking therefrom Subsections (A) and (B) of Section VII thereof. The petition recites that petitioner is the only one of the defendants in this case now in business, all of the other defendants having long since ceased to operate, and that petitioner has numerous competitors who are not defendants herein and therefore not restrained by Court order from refusing to report such information as to purchases and sales of crude gum, rosin, and turpentine as may be requested by an independent reporter or service designated by the United States Department of Agriculture, and therefore due to this change petitioner is placed at a competitive disadvantage with other naval stores dealers.

Petitioner takes the position that there is not and can not be any dispute between the parties as to the facts but that the only issue between the parties is whether or not there has been since the entry of the judgment herein such a substantial change in circumstances that the necessity of the provisions no longer exists.

On July 5, 1960, the Government filed its Memorandum in Opposition to the petition filed herein. It opposes the petition on the grounds that, first, petitioner failed to state grounds entitling it to the relief requested, or any relief, from said judgment, and second, modification of the judgment, as requested by petitioner, would not be in the public interest and, on the contrary, elimination of Subsections, (A) and (B) of Section VII would be contrary to the public interest.

In its memorandum, the Government takes the position that petitioner may not be relieved from the so-called reporting provisions unless there has occurred since entry of judgment such changes in circumstances that the necessity for such provisions no longer exists and that petitioner has not alleged sufficient changes in circumstances resulting in petitioner suffering an extreme and unexpected hardship to warrant the modification prayed for in the petition.

The petition was set for hearing and was held on July 6, 1960. On that date, petitioner waived that part of its petition requesting the striking of Subsection (B) of Section VII and before proceeding to hearing it was agreed in open court between the Court and respective counsel that the only issue remaining for hearing was the question of whether there has occurred since the entry of the judgment such changes in circumstances that the necessity for the provisions of Subsection (A) of Section VII no longer exists. There-upon witnesses were offered by the petitioner and the Government and exhibits were offered by the Government and admitted by the Court.

I come, therefore, to the question of whether, under the state of record, modification of the judgment would be warranted on the ground that by being the only gum naval stores dealer in the industry subject to the requirement of reporting its purchases and sales of gum naval stores it is subject to such competitive disadvantage as to impose upon petitioner an undue and unreasonable hardship.

### Conclusions of Law

The record shows that petitioner has competitors who are not subject to the compulsory reporting provisions of the judgment herein and that petitioner is the only naval stores dealer in the United States who thus is required by law to report the purchase and sales information required by that judgment. At the hearing, testimony was introduced by the petitioner expressing the opinion that some sales of naval stores by petitioner had been lost because of the provisions of reporting of the judgment and that petitioner therefore was placed at a competitive disadvantage; but that if petitioner were released from the compulsion of reporting its purchases and sales of naval stores it would continue to make such reports voluntarily except in those cases where customers request that petitioner refrain from making such report.

The record does not reveal any fact from which can be measured the impact or effect upon defendant's volume of sales, profits or ability to compete flowing from the asserted fact that petitioner is the only naval stores dealer required by a judgment to report its purchases and sales information. The mere fact that it may be the only dealer so required does not, ipso facto, entitle petitioner to relief unless that fact is clearly shown to result in "grievous wrong" or undue and unreasonable, financial or competitive hardship to the defendant.

I find the case of United States v. Swift & Co., et al., 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999, to be very helpful in my search for guiding precedents.

In this case, which was a Sherman Act case brought by the Government against the leading meat packers in the country, a consent decree was entered on February 27, 1920, and, on April 12, 1930, approximately 10 years and 2 months after the entry of the decree, two of the defendants, Swift & Company, and Armour & Company, and their subsidiaries, filed a petition to modify the consent decree and to adapt its restraints to the needs of a new day. On January 31, 1931, the decree was modified by a lower Court and such modification became the subject of appeal.

Mr. Justice Cardozo delivered the opinion of the Supreme Court on May 2, 1932, and, on page 115 of 286 U.S., on page 462 of 52 S.Ct., I find the following:

"Power to modify existing, we are brought to the question whether enough has been shown to justify its exercise.

"The defendants, controlled by experienced business men, renounced the privilege of trading in groceries, whether in concert or independently, and did this with their eyes open. * * *"

and, on page 119 of 286 U.S., on page 464 of 52 S.Ct., I find the following:

"There is need to keep in mind steadily the limits of inquiry proper to the case before us. We are not framing a decree. We are asking ourselves whether anything has happened that will justify us now in changing a decree. The injunction, whether right or wrong, is not subject to impeachment in its application to the conditions that existed at its making. We are not at liberty to reverse under the guise of readjusting. Life is never static, and the passing of a decade has brought changes to the grocery business as it has to every other. The inquiry for us is whether the changes are so important that dangers, once substantial, have become attenuated to a shadow. No doubt the defendants will be better off if the injunction is relaxed, but they are not suffering hardship so extreme and unexpected as to justify us in saying that they are the victims of oppression. Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned."

The decree modifying the injunction was accordingly reversed.

I am of the opinion that, in view of the tight requirements laid down in the Swift & Company case, which are today as applicable as then, as enunciated in the case of United States v. Owens-Corning Fiberglas Corp. et al., D.C.1959, 178 F.Supp. 325, and in view of the record that is before me under this petition, this Court would not be warranted in decreeing a modification so as to strike therefrom the reporting provision applicable to petitioner. Despite the fact that petitioner stresses that it would limit the effects of a modification by continuing to report its purchases and sales to the Naval Stores Marketing News Service on a voluntary basis except when requested otherwise by a customer, I feel that this could not be done without making possible a return of the evils which the judgment herein endeavors to circumvent. A modification that would relinquish the reporting requirements of

the judgment therefore would go to the very heart of the prohibitions that were consented to in the judgment and would, in effect, virtually nullify a great portion of it. The petition to modify is denied. An order may be drawn accordingly.